UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CAITLIN DONAHOE W.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 1:25-cv-00324-DKG

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for social security benefits. (Dkt. 1). The Court has reviewed the Complaint, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the decision of the Commissioner.

## BACKGROUND

On April 27, 2022, Plaintiff filed applications for a period of disability and disability insurance benefits and for supplemental security income under Titles II and

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

XVI of the Social Security Act. (AR 75). Plaintiff's applications allege disability beginning on January 1, 2017. The applications were denied initially and on reconsideration.

A hearing was conducted on February 29, 2024, before an Administrative Law Judge (ALJ). After considering testimony from Plaintiff and a vocational expert, the ALJ issued a decision on May 2, 2024, finding Plaintiff not disabled. (AR 42-63). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. Plaintiff timely filed this action seeking judicial review of the ALJ's final decision. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged onset date, Plaintiff was twenty-seven years of age. (AR 61). Plaintiff has completed four or more years of college and an EMT class, and has no previous relevant work experience. (AR 303). Plaintiff claims she is unable to work due to certain physical and mental impairments, including Guillain Barre Syndrome (GBS), ataxia, brain fog, attention deficit hyperactivity disorder (ADHD), hypertension, depression, anxiety, peripheral nerve damage, chronic fatigue, insomnia, seizures, skin conditions, post-traumatic stress disorder (PTSD), night terrors, sensory issues, transverse myelitis, pancreatitis, and hip and back pain. (AR 302, 331).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2017. (AR 44); 20 C.F.R. §§ 404.1571, 416.971. At step two, the ALJ found Plaintiff's impairments of GBS, ADHD, anxiety disorder, and major depressive disorder were non-severe during the time period of January 1, 2017 through October 31, 2021. (AR 45-46). Since November 1, 2021, the ALJ concluded that Plaintiff had the following medically determinable, severe impairments: atopic dermatitis, respiratory failure with hypoxia, alcohol induced pancreatitis, seizure disorder, chronic pain due to back and hip myalgia, peripheral neuropathy, carpal tunnels syndrome, and hammertoe deformity. (AR 46). The ALJ also found that Plaintiff's fibromyalgia, ADHD, depressive disorder, anxiety disorder, and PTSD were non-severe impairments. (AR 47).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meet or medically equals the criteria of a listed impairment listed. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. (AR 49-50). The ALJ next found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), with the following limitations:

> the claimant must avoid work on ladder, ropes, and scaffolds. The claimant is able to occasionally climb stairs and ramps, balance stoop, kneel, crouch, and crawl. The claimant is able to occasionally reach overhead with the bilateral upper extremities. She is able to frequently handle and finger with the bilateral upper extremities. The claimant can tolerate[] work in extreme heat, cold, wetness, and high humidity occasionally. The claimant is able to occasionally use vibrating tools. She should avoid work in a closed environment with concentrated pulmonary irritants such as fumes, odors, dust, and gases. The claimant should avoid work at unprotected heights or in close proximity to dangerous moving machinery.

(AR 50). Relying upon testimony from the vocational expert, the ALJ found at step five that there were jobs available in the national economy that Plaintiff could perform given her age, education, work experience, and RFC. (AR 61). The ALJ therefore concluded that Plaintiff was not disabled.

## ISSUES FOR REVIEW

1. Whether the ALJ properly explained and accounted for Plaintiff's mild mental health limitations in the RFC.
2. Whether the ALJ properly evaluated the medical opinion evidence.
3. Whether the ALJ properly considered all of Plaintiff's physical symptoms in the RFC.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Plaintiff's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's findings. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

### 1. Mental Health Limitations

Plaintiff argues the ALJ erred in failing to account for her mental health

limitations in the RFC or expressly explain why such limitations were not included, despite finding mild limitations at step two. (Dkt. 19). Defendant asserts that the RFC expressly reflected the mild mental health limitations identified at step two. (Dkt. 22).

**A. Legal Standard**

An RFC is the most a claimant can do despite their limitations and is based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony. 20 C.F.R. §§ 404.1545(a)(1)-(3), 416.945(a)(1)-(3); *Shafer v. Barnhart*, 120 F. Appx. 688, 698 (9th Cir. 2005). The ALJ must consider all of a claimant's medically determinable impairments, whether severe or not, when assessing an RFC. *Carmickle*, 533 F.3d at 1164; *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006); 20 C.F.R. §§ 404.1545(a)(2) and (3); 416.945(a)(2) and (3). The ALJ is not obligated to discuss every piece of evidence when interpreting the evidence and developing the record, or discuss every word of a medical opinion or include limitations not assessed by a medical source. *Edwin C. v. Kijakazi*, 2021 WL 7286046, at *6 (C.D. Cal. Nov. 19, 2021) (citing *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)). "However, the ALJ must discuss significant and probative evidence that is contrary to the ALJ's findings and explain why it has been rejected." *Id*. (citing *Robbins*, 466 F.3d at 883; *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).

The ALJ is responsible for making the RFC assessment. 20 C.F.R. §§ 404.1546(c), 416.946(c); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual

functional capacity.”). Indeed, the ALJ’s RFC determination need not mirror any particular provider’s opinion. *See e.g., Petrini v. Berryhill*, 705 Fed. Appx. 511, 512 (9th Cir. 2017). Rather, the ALJ is responsible for resolving conflicts in the medical testimony, and for translating and incorporating the evidence into concrete functional limitations in the RFC. *Rounds v. Comm’r Soc. Sec. Admin*., 807 F.3d 996, 1006 (9th Cir. 2015). “Where the evidence is susceptible to more than one rational interpretation, the ALJ’s decision must be affirmed.” *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (cleaned up). The RFC finding must be supported by substantial evidence and the ALJ must explain their reasoning underlying the RFC. 42 U.S.C. § 405; SSR 96-8p.

**B. Analysis**

Here, at step two, the ALJ found Plaintiff’s mental health impairments of ADHD, anxiety disorder, and major depressive disorder, were non-severe medically determinable impairments. (AR 45-47). In addressing the “Paragraph B” criteria, the ALJ concluded that Plaintiff had no limitations in understanding, remembering, or applying information; mild limitations in interacting with others; mild limitations in concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing oneself. (AR 48-49); 20 C.F.R. §§ 404.1520a, 416.920a. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 49-50). The RFC assessment contains no mental limitations. (AR 50).

For the reasons that follow, the Court finds the ALJ did not fail to address Plaintiff's mental health impairments or fail to account for the mild limitations found in the Paragraph B criteria when fashioning the RFC. Contrary to Plaintiff's argument, the ALJ considered the records relevant to the mental health impairments as required by the regulations and explained the reasons for the RFC determination, which is supported by substantial evidence.

The mild limitations found in three of the four Paragraph B functional areas were: 1) interacting with others; 2) concentrating, persisting, or maintaining pace; and 3) adapting or managing oneself. (AR 48-49). Plaintiff does not dispute the ALJ's Paragraph B findings or conclusion that the mental health impairments were not severe. (Dkt. 19, 23). The ALJ concluded the Paragraph B analysis by reciting the boilerplate language acknowledging that the RFC assessment requires a "more detailed assessment" and stating that the RFC assigned "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." (AR 49). In the RFC determination itself, the ALJ stated that they had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" and also considered the medical opinions and prior administrative medical findings in accordance with the regulation requirements. (AR 50). While these statements are boilerplate language included in nearly all ALJ decisions and may be insufficient on their own to uphold a disability decision, they are nonetheless part of the ALJ's written decision and reasoning. *See Tammy W. v. Comm'r Soc. Sec.*, 787

F.Supp.3d 1175, 1183-1184 (W.D. Wash. 2025) (discussing cases holding that boilerplate statements alone are insufficient to explain the exclusion of paragraph B limitations from the RFC). The Court therefore notes these statements here as a starting point for reviewing the ALJ's decision, because they accurately set forth the relevant regulations and reflect the ALJ's awareness of the same. *See e.g., Christopher J. v. Comm'r Soc. Sec.*, 2025 WL 967123, at *11 (S.D. Cal. March 27, 2025) (observing the same boilerplate statements in determining the RFC assessment was supported by substantial evidence as it captured all of the claimant's limitations found in the paragraph B criteria).

Beyond the boilerplate language and most important to the Court's review, the ALJ's discussion of the RFC assessment provides the reasoning for the limitations assigned and is supported by substantial evidence. Relevant here, the ALJ addressed Plaintiff's mental health conditions and limitations in the discussion of the RFC. The ALJ observed Plaintiff's symptom statements reporting issues with understanding, remembering, and applying information, getting along with others, concentration, and managing herself. (AR 48-49, 51-52). Similarly, the ALJ considered the third-party report, finding it to be generally consistent with Plaintiff's statements. (AR 52, 312-319) (reporting difficulties with memory, completing tasks, concentration, understanding, and following instructions). The ALJ concluded that Plaintiff's symptom statements were not entirely consistent with the medical and other evidence in the record. (AR 52).

In discussing the medical records, the ALJ noted treatment records reporting Plaintiff's depression and anxiety were controlled with medication and treatment, while

observing some symptoms related to ADHD; and mental status examinations reporting normal attention and concentration. (AR 47-48, 53, 55, 59). Further, the ALJ evaluated the medical opinion evidence relevant to Plaintiff's mental health impairments. The ALJ found unpersuasive the opinions of Plaintiff's treatment providers, Johnathan Muretisch, D.O., and Adan Saucedo Gonzalez, LCP; the state examiner, Sterling Andelin, PhD.; and assessing clinician, Denis Jensen, LCP. (AR 47-48, 59-60).[2] In contrast, the ALJ found the opinions of the two state agency medical consultants to be persuasive, both of which concluded that Plaintiff's mental health conditions and symptoms were mild and non-severe. (AR 59). The ALJ adopted an RFC with no mental restrictions consistent with the state agency consultants' opinions. (AR 50, 112, 126, 144, 164).

Based on the foregoing, the Court finds the ALJ properly considered the totality of the evidence in setting the RFC, including Plaintiff's mental limitations, and explained the reasoning for the RFC assigned. Throughout the decision, the ALJ consistently discussed the records reporting normal mental health findings, lack of regular therapy or counseling, and that Plaintiff's mental health symptoms and conditions were controlled with medication and treatment. The ALJ's discussion of the evidence explains the RFC finding that Plaintiff was able to perform sedentary work with no mental limitations despite the earlier Paragraph B findings of mild limitations in three of the four areas. The

[2] Plaintiff challenges the ALJ's evaluation of Gonzalez's opinion, which the Court addresses below and finds no harmful error. Plaintiff does not contest the ALJ's evaluation of the opinions by Muretisch, Andelin, Jensen, and the state agency medical consultants, and has therefore waived the same.

Court finds the RFC assessment is supported by substantial evidence and that all of Plaintiff's limitations were adequately captured in the RFC. *Christoher J.*, 2025 WL 967123, at *11 (stating "the relevant inquiry into an ALJ's translation of the moderate limitations found in paragraph B to a functional limitation in the RFC is whether the RFC limitations are supported by medical evidence.").

Moreover, Plaintiff has not shown that the record supports greater mental limitations than assigned in the RFC. Plaintiff has not identified any evidence the ALJ did not consider or that contradicts the ALJ's findings and RFC determination, has not cited evidence supporting a finding of greater mental limitations, and has not explained how the record does not support the ALJ's findings. *Alexander v. O'Malley*, 2024 WL 612877 (9th Cir. Feb. 14, 2024); *Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022).

Further, the cases relied on by Plaintiff following the reasoning in *Hutton v. Astrue*, 491 F.App'x 850 (9th Cir. 2012) are inapposite, because the ALJ here did consider all of Plaintiff's mental impairments and the Paragraph B findings, and explained the reasoning for the limitations included in the RFC, which is supported by substantial evidence. (Dkt. 19); *see e.g. Edmon D. v. Dudek*, 2025 WL 2042226 (N.D. Cal. July 21, 2025). And, as discussed herein, the ALJ's evaluation of the evidence and medical opinions was proper, contrary to Plaintiff's assertions and the cases Plaintiff relies on. For these reasons, the Court finds the ALJ did not err in assessing the RFC or evaluating Plaintiff's mental limitations.

**2. Medical Opinion Evidence**

Plaintiff argues the ALJ erred by failing to properly evaluate the medical opinion of Adan Saucedo Gonzalez, LPC. (Dkt. 19, 23). Defendant maintains the ALJ properly found the opinion unpersuasive. (Dkt. 22).

**A. Legal Standard**

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ must evaluate the persuasiveness of the opinions based on the following factors: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5),416.920c(a), (c)(1)-(5). The most important factors are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2). 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant...objective medical evidence.'" *Woods*, 32 F.4th at 791-792 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent...with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)). The ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. *Id.*; 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Treichler v. Comm'r Soc. Sec. Admin*., 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the

ALJ's conclusions were supported by substantial evidence."); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence). The ALJ's persuasiveness determination must be supported by substantial evidence. *Woods*, 32 F.4th at 787, 792.

**B. Analysis**

Gonzalez began treating Plaintiff for her mental health conditions in August of 2023 at Crosspointe Family Services, where Gonzalez worked as an intern and later as a LPC. (AR 2269-2290, 2449). On February 6, 2024, Gonzalez authored a Mental Residual Functional Capacity Assessment wherein he opined that Plaintiff's mental health conditions caused marked limitations in all but five of the twenty mental functional areas. (AR 2446-2452).

The written decision contains a typographical error in the first sentence of the paragraph discussing Gonzalez's opinion that omits the ALJ's persuasiveness conclusion. (AR 60) ("The undersigned finds the medical opinion of Adan Saucedo Gonzalez, LPC, who was a counseling intern at Crosspointe Family Services for several months in 2023 [sic] (Ex. 33F, 37F, et al.)."). Nevertheless, the ALJ went on to discuss the substance of the opinion and explained the reasons for finding the opinion was not supported by the normal objective findings in Gonzlez's treatment notes, and was inconsistent with Plaintiff's limited therapy/counseling, positive response to medication, and the generally normal psychiatric findings contained in other records. (AR 60).

Plaintiff contends that the ALJ's typographical error was harmful because the ALJ failed to articulate how persuasive or unpersuasive they found the opinion – e.g., persuasive, partially persuasive, or unpersuasive – resulting in ambiguity which cannot be resolved and requires remand. (Dkt. 19, 23). However, the Court finds the typographical error was harmless because the ALJ evaluated the persuasiveness of the opinion, by discussing the required factors, such that the ALJ's reasoning can be discerned. (AR 60); *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022).

First, as to supportability, the ALJ found Gonzalez's opinion of mostly marked limitations was not supported by the normal objective findings in his treatment notes. (AR 60). Next, the ALJ concluded that the opinion was inconsistent with Plaintiff's limited therapy/counseling, her positive response to medication, and the generally normal psychiatric findings seen in other records. (AR 60). Having carefully reviewed the entire record and viewing the decision in its entirety, the Court finds it is clear that the ALJ found Gonzalez's opinion to be unpersuasive. Further, the Court finds the ALJ's evaluation satisfied the regulatory requirements and is supported by substantial evidence. Earlier in the decision the ALJ found Plaintiff's mental health impairments to be nonsevere, which is wholly contrary to Gonzalez's findings of mostly marked limitations. Further, the ALJ's discussion of the record and reasoning concerning Plaintiff's mental health impairments is consistent throughout the decision – observing the many records reporting normal objective mental health findings, limited treatment, and improvement of symptoms with medication. (AR 46-49, 53-60). The ALJ applied the same reasoning to

their evaluation of Gonzalez's opinion. For these reasons, the Court finds the typographical error in the decision was harmless.

Plaintiff further argues the ALJ erred by failing to address Gonzalez's finding that she had a "low frustration tolerance." (Dkt. 19, 23). The Court finds otherwise. The ALJ addressed the "low frustration tolerance" finding, most notably by expressly observing it when discussing Gonzalez's treatment notes from August 2023. (AR 60). The ALJ also discussed the symptom relevant to that finding throughout the decision. The "low frustration tolerance" finding related to impulsivity, which Gonzalez discussed in his records as it related to Plaintiff's ADHD. (AR 2275, 2277, 2449-2250). When reading the written decision as a whole, the ALJ consistently discussed records relevant to Plaintiff's ADHD and properly concluded that her ADHD was nonsevere based on the several normal mental health examination findings, absence of ongoing therapy, and control of symptoms with medication. (AR 46-49, 59-60).[3] As discussed herein, the ALJ properly considered all of Plaintiff's impairments, severe and non-severe, when assigning the RFC. Further, the ALJ did not err in finding Gonzalez's opinion unpersuasive. For these reasons, the Court finds no harmful error in the ALJ's consideration of Gonzalez's opinion and "low frustration tolerance" finding. *See e.g. Edwin C.*, 2021 WL 7286046, at *6 (ALJ's are not required to address every piece of evidence or every word of a medical

[3] Plaintiff does not contest the ALJ's severity determination and has therefore waived the same. *McKay v. Ingleson*, 558 F.3d 888, 891 n. 5 (9th Cir. 2009) ("Because this argument was not raised clearly and distinctly in the opening brief, it has been waived"); *Carmickle*, 533 F.3d at 1161 n. 2.

opinion when interpreting the evidence and fashioning the RFC.) (citation omitted).

**3. Physical Symptoms in the RFC**

Plaintiff argues the ALJ erred by ignoring evidence and failing to include a limitation in the RFC for needing ready access to restroom facilities and unscheduled bathroom breaks to address her symptom of diarrhea resulting from her severe impairment of alcohol induced pancreatitis. (Dkt. 19, 23). Defendant maintains that the ALJ addressed Plaintiff's symptom allegations and properly concluded that her diarrhea symptom was acute and did not warrant any limitation in the RFC. (Dkt. 22).

**A. Legal Standard**

In formulating the RFC, the ALJ must consider all relevant evidence in the record and all of a claimant's medically determinable impairments, whether severe or not, when assessing a RFC. *Carmickle*, 533 F.3d at 1164; *Robbins*, 466 F.3d at 883; 20 C.F.R. §§ 404.1545, 416.945. Further, the ALJ must consider all of a claimant's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529, 416.929. Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he [or she] complains" and there has not been an affirmative finding of malingering, a claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160. The clear and convincing standard does not require this Court to be convinced, "but instead whether the ALJ's

rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

**B. Analysis**

Here, the ALJ found Plaintiff's symptom statements were not entirely consistent with the medical evidence and other evidence in the record and did not include any restriction in the RFC related to Plaintiff's symptom of diarrhea. (AR 52, 57-58). For the reasons that follow, the Court finds the ALJ's consideration of Plaintiff's diarrhea symptom and the RFC assessment were without error and supported by substantial evidence.

In the written decision, the ALJ provided a great deal of discussion of the records related to Plaintiff's pancreatitis and gastroenterology, and the associated symptoms. (AR 52-57). The ALJ expressly recognized Plaintiff's complaints of diarrhea and discussed records relevant to that symptom as well as Plaintiff's alcohol-induced pancreatitis, including discussing treatment records of Plaintiff reporting both to having and to denying having diarrhea. (AR 52, 54-56, 880, 889-890, 901 896, 1255, 1604-1605, 1611-1612, 1736, 1880, 1882, 2076, 2078, 2104, 2149-2150, 2416). The ALJ further discussed several records reporting Plaintiff's acute symptoms from her pancreatitis condition improved with treatment and were stable. (AR 52-55). The ALJ also identified records reporting normal gastroenterology findings and normal imaging findings. (AR 54-55). The ALJ then reasonably concluded that Plaintiff's pancreatitis symptoms were acute and temporary in nature, occurred during a flare up, and did not require a limitation in the RFC. (AR 57-58).

Having carefully reviewed the entire record, the Court finds the ALJ's discussion of the record was accurate, complete, and properly addressed the records relevant to Plaintiff's diarrhea symptom, contrary to Plaintiff's contentions. (Dkt. 19, 23). Further, the ALJ's decision was well explained, rational, and supported by substantial evidence. The records relied on by Plaintiff do not reveal otherwise. Five of the nine records Plaintiff cites relate to a November 2021 emergency department encounter that the ALJ appropriately addressed in the decision. (AR 52, 525, 555, 558, 573, 1193). Two other records Plaintiff cites state that Plaintiff denied diarrhea. (AR 611, 1249). Only two of the nine records cited by Plaintiff include reports of diarrhea: 1) a June 2020 record that Plaintiff stated she had "some abdominal discomfort and diarrhea" following being sick in June 2020, and 2) a January 2022 record that Plaintiff stated she had diarrhea during a telehealth visit with Packham but was otherwise "doing well." (AR 643, 544). However, none of the records Plaintiff cites demonstrate that the ALJ ignored relevant evidence, mischaracterized the record, or that the ALJ's decision is not supported by substantial evidence. Just the opposite, the ALJ reasonably concluded that Plaintiff's complaints of diarrhea symptoms were inconsistent with the medical evidence and other records showing the symptom was temporary and occurred only during some acute flares, but not indicative of Plaintiff's overall functioning. (AR 52-57).

Plaintiff's disagreement with the ALJ's decision and differing interpretation of the record is not a basis for remand. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *Carmickle*, 533 F.3d at

1164 ("The ALJ is responsible for resolving conflicts in the medical record."). The question on appeal is not whether substantial evidence exists to support the claimant's preferred findings, but whether substantial evidence supports the ALJ's findings. *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). In determining whether such evidence exists, the Court "may not reweigh the evidence or substitute [its] judgment for that of the ALJ." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). Where the evidence rationally supports the ALJ's conclusions, such as here, the ALJ's conclusions must be affirmed. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

**4. Conclusion**

In sum, the Court finds the ALJ did not commit harmful error and the decision is supported by substantial evidence. Accordingly, the decision of the Commissioner will be affirmed

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The Complaint for Judicial Review (Dkt. 1) is **DENIED**.

2) The decision of the Commissioner is **AFFIRMED**.

DATED: September 21, 2026

Honorable Debora K. Grasham
United States Magistrate Judge